UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO PAREDES MARTINEZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No.: 13-CV-272 JLS (JLB)<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>(ECF No. 28) |

Presently before the Court is Plaintiff Gilberto Paredes Martinez's Counsel Brian C. Shapiro's ("Counsel") Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). ("Pl.'s Mot. for Att'y Fees," ECF No. 28.) Also before the Court is Defendant's Statement of Non-Opposition to Plaintiff's Motion for Attorney's Fees. (ECF No. 29.) Plaintiff has not filed a response. Having considered the parties' arguments and the law, the Court **GRANTS** Counsel's Motion for Fees.

### BACKGROUND

On February 4, 2013, Plaintiff filed a complaint pursuant to Section 405(g) of the Social Security Act. (Report & Recommendation ("R. & R.") at 2, ECF No. 21.) Plaintiff asked the Court to review the final decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for social security disability insurance ("SSDI") benefits. *Id.* at 3. Counsel filed the complaint on Plaintiff's behalf pursuant to a signed

contingency-fee agreement providing that Counsel, if successful, would receive 25% of the final back pay award. (Pl.'s Mot. for Att'y Fees, Shapiro Decl. ¶ 2; *id.*, Ex. 1, at 1.) On September 10, 2013, Plaintiff filed a Motion for Summary Judgment regarding his Section 405(g) claim and on October 1, 2013, Defendant filed a Cross Motion for Summary Judgment and Opposition to Plaintiff's Motion for Summary Judgment. (R. & R. at 3.) On November 2, 2013, Plaintiff filed a Reply and an Opposition to Defendant's Cross Motion. (*Id.*)

On August 7, 2014, Magistrate Judge Jill L. Burkhardt issued a Report & Recommendation finding that the Administrative Law Judge ("ALJ") committed legal error by failing to provide clear and convincing reasons for discrediting Plaintiff's testimony about his pain and limitation symptoms. (*Id.* at 11.) Magistrate Judge Burkhardt recommended that Defendant's Motion for Summary Judgment be denied, Plaintiff's Motion for Summary Judgment be granted in part and denied in part, and the case to be remanded for further proceedings. (*Id.* at 13.) Defendant objected to the R. & R., but on September 4, 2014, the Court adopted Magistrate Judge Burkhardt's R. & R. in its entirety. (ECF No. 24.)

Prior to remand, the parties jointly moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $4,900, "subject to any offset allowed under the United States Department of Treasury's Offset Program." (ECF No. 25.) The Court granted the Motion. (ECF No. 27.)

On remand, ALJ Robert Iafe issued a decision fully favorable to Plaintiff. (Pl.'s Mot. for Att'y Fees, Ex. 2, at 1) On August 27, 2017, the Social Security Administration ("SSA") issued a Notice of Award letter to Mr. Paredes Martinez, noting that $42,818 of the award had been set aside for potential payment to Mr. Paredes Martinez's representative as attorney's fees, which constituted 25% of Plaintiff's past-due benefits. (*Id.* at 4.) Counsel now moves, under 42 U.S.C. § 406(b), for attorney's fees in the amount of $25,000 with a credit to Plaintiff for EAJA fees previously paid in the amount of $4,900. (Pl.'s Mot. for Att'y Fees 1.)

## LEGAL STANDARD

Section 406(b) governs an attorney's right to recover fees in a successful Social Security case.[1]  The U.S. Supreme Court has held that,

> [m]ost plausibly read, . . . § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past due benefits.  Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (footnotes and citations omitted).  Thus, a district court should first look to the contingency-fee agreement and then test it for reasonableness. *Id.* at 808.

The Supreme Court has instructed that a reduction of the fee award may be appropriate "based on the character of the representation and the results the representative achieved."  *Id.*  The Ninth Circuit subsequently explained that when analyzing the reasonableness of a fee award a Court "may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case."

---

[1] Section 406(b)(1)(A) of title 42 of the United States Code provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.  In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

*Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (en banc) (citing *Gisbrecht*, 535 U.S. at 808). Further, the Supreme Court has explicitly provided that,

> [i]n this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Gisbrecht*, 535 U.S. at 808; *see also Crawford*, 586 F.3d at 1151. A district court may consider the lodestar calculation, but only as an aid in assessing the reasonableness of the fee. *Crawford*, 586 F.3d at 1151. It is important that the Court assess the reasonableness of the requested fees because, "while the attorney's compensation must be sufficient to encourage members of the bar to undertake representation of disability claimants, the disability award, from which the attorney's fee is paid, is normally an already-inadequate stipend for the support and maintenance of the claimant and his dependents." *Starr v. Bowen*, 831 F.2d 872, 873 (9th Cir. 1987) (quoting *MacDonald v. Weinberger*, 512 F.2d 144, 146–47 (9th Cir. 1975)).

The EAJA also permits an attorney to receive fees for successful Social Security representations.[2] *See Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1216–17 (9th Cir. 2012). Fees awarded pursuant to the EAJA are paid by the government rather than the claimant. *Id.* at 1218. Accordingly, while "[f]ee awards may be made under both prescriptions, . . . the claimant's attorney must 'refun[d] to the claimant the amount of the

---

[2] Pursuant to the EAJA:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (second alteration in original) (quoting Act of Aug. 5, 1985, Pub. L. No. 99-80, § 3, 99 Stat. 186).

**ANALYSIS**

The Court begins its analysis of the § 406(b) award at issue by examining the contingency-fee agreement. Counsel's requested § 406(b) award is less than the original 25% contingency-fee agreement between the parties. Plaintiff was awarded $171,272 in past-due benefits by SSA. (Pl.'s Mot. for Att'y Fees 2.) The SSA withheld 25% of Plaintiff's past-due benefits—$42,818—and Counsel requests only $25,000 of the withholding. At a minimum, the requested award is well within the 25% statutory boundary. 42 U.S.C. § 406(b)(1)(A); *Gisbrecht*, 535 U.S. at 807. Further, the Court concludes that none of the reasons for reducing a fee award identified by the *Crawford* court are applicable in the present case. Counsel obtained a favorable judgment for Plaintiff and the record presents no indication of delay. The only remaining consideration is whether the benefits secured by Counsel are in proportion to the time spent on the case.

"Since *Gisbrecht* was handed down by the Supreme Court, the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (collecting cases). Further, contingency-fee arrangements expose an attorney to the inherent "risk of receiving nothing for his time and effort" if the plaintiff is unsuccessful. *Id.*

In the present case, Counsel spent 28.2 hours[3] litigating the district court appeal, (Pl.'s Mot. for Att'y Fees, Shapiro Decl. ¶ 5); assessed against the proposed fee award, this amounts to a *de facto* hourly rate of $886.52 per hour ($25,000 / 28.2 hours) for both attorney and paralegal work. While such an hourly rate is on the higher end charged for

---

[3] 3.7 hours were billed by Counsel's paralegal and 24.5 hours were billed by Counsel. (Pl.'s Mot. for Att'y Fees, Ex. 4, at 1–2.)

social security appeals, the Court nonetheless concludes that the fee is reasonable in the present case. Counsel had sixteen years of experience in the field of social security law at the time Plaintiff filed his Complaint. (*Id.* ¶ 7.) Counsel secured a favorable outcome in Plaintiff's district court appeal, ultimately resulting in a fully favorable judgment by the SSA ALJ.

Further, fees within this general range have been previously awarded and upheld by the Ninth Circuit. *See, e.g.*, *Crawford*, 586 F.3d at 1153 (Clifton, J., concurring in part and dissenting in part) (noting that majority ordered payments in underlying cases that equated to $519, $875, and $902 hourly rates). Indeed, Counsel was a party-in-interest to the *Crawford* decision and his requested award was one of those upheld by the Ninth Circuit. *Id.* at 1145 (majority opinion). Next, the benefits are in proportion to the time spent on the case. While every case is different, the amount of time spent on this case (24.5 hours by Counsel and 3.7 hours by Counsel's Paralegal) are similar to the underlying cases approved in *Crawford*.[4] *See id.* Counsel's requested attorney's fee is 14.5% of benefits awarded ($25,000 requested attorney's fee / $171,272 back pay awarded). This fee percentage is within the range approved in *Crawford*, *see id.*, as well as less than fee percentages previously approved by this Court, *see Macewen v. Colvin*, No. 10-CV-1263-JLS (MDD), 2016 WL 6082308, at *1 (S.D. Cal. Oct. 18, 2016) (approving 25% fee award), and other courts in this District. *See, e.g.*, *Richardson v. Colvin*, No. 15-CV-1456-MMA-BLM, 2017 WL 1683062, at *2 (S.D. Cal. May 2, 2017) (approving 25% attorney's fee).

Finally, Counsel took a non-negligible risk in accepting the present case. Plaintiff had previously been denied benefits. (R. & R. 1.) There were cross-motions for summary judgment during the district court appeal, resulting in a fourteen-page Report and Recommendation by Magistrate Judge Burkhardt, (ECF No. 21), and, upon remand, further argument before ALJ Iafe. (*See* Pl.'s Mot. for Att'y Fees, Ex. 3). In sum, this was not a

---

[4] The time spent in the three underlying cases was: 19.5 hours by counsel and 4.5 hours by paralegal in *Crawford*; 17.45 hours by counsel and 4.7 hours by paralegal in *Washington*; and 26.9 hours by counsel and 2.6 hours by paralegal in *Trejo*. *Crawford*, 586 F.3d at 1145.

formulaic case and Counsel's representation was adequate under the circumstances.

Finally, Counsel requests the Court to order Counsel to reimburse Plaintiff the amount of $4,900 previously paid by the SSA under EAJA. This satisfies the requirement that counsel refunds its plaintiff an EAJA award that is smaller than the related § 406(b) award. *See Gisbrecht*, 535 U.S. at 796. Counsel's request meets this requirement. Accordingly, the Court concludes that the EAJA award will be deducted from the § 406(b) award.

## CONCLUSION

In light of the foregoing, the Court concludes that Counsel's fee request is reasonable and therefore **GRANTS** Counsel's Motion for Attorney Fees. The Court awards fees in the amount of $25,000. Counsel **SHALL** reimburse Mr. Gilberto Paredes Martinez the amount of $4,900 in EAJA fees previously paid by the Government.

**IT IS SO ORDERED.**

Dated: October 19, 2017

Hon. Janis L. Sammartino
United States District Judge